IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LISA MARIE ZERTUCHE, | § | NO. 5:19-CV-1079-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| ANDREW SAUL, Commissioner of the | § | |
| Social Security Administration, | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION, AND
REVERSING AND REMANDING TO THE COMMISSIONER

Before the Court is a Report and Recommendation filed by Magistrate Judge Richard B. Farrer on February 10, 2021. (Dkt. # 12.) Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file written objections within fourteen days after being served with a copy of the findings and recommendation. Fed. R. Civ. P. 72(b)(2). The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Findings to which no

1

specific objections are made do not require de novo review; the Court need only determine whether the Report and Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). In the instant case, because no party has objected to the Magistrate Judge's Report and Recommendation, the Court reviews the Magistrate Judge's Report and Recommendation for clear error.

This matter comes to the Court for a second time. Again at issue in this case is a request to remand because of the same alleged error that U.S. Magistrate Judge Elizabeth Chestney addressed in a previous July 12, 2018 Remand Order. See Zertuche v. Berryhill, No. SA-17-CV-754 (W.D. Tex. July 12, 2018) (Dkt. # 19). Upon consideration after remand, Judge Farrer determined that the Administrative Law Judge ("ALJ") violated the treating-source rule and Judge Chestney's prior Remand Order when the ALJ afforded insufficient weight to the opinions of three treating providers—Doctors Dennis Oliver and Mark Moran and Nurse Practitioner Nancy Daniels. Judge Farrer concluded that this error was not harmless because the ALJ rejected three treating-source opinions based on her independent interpretation of the raw medical data while affording great weight to state agency non-examining consultants who based their opinions on an incomplete record. (Dkt. # 12.) Accordingly, Judge Farrer recommended that the

Commissioner's June 17, 2019 final decision be reversed, and the matter remanded once again to the Commissioner.  (Id.)

The Court has carefully reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law.  The Magistrate Judge clearly and thoughtfully analyzed whether Plaintiff's denial of benefits should again be reversed, and this matter remanded for the same reasons discussed in Judge Chestney's July 12, 2018 Remand Order.  The Magistrate Judge correctly determined that the ALJ once again failed to analyze the majority of the Newton factors in affording Doctors Oliver and Moran and Nurse Practitioner Daniel's opinions little weight.  The ALJ again violated the "treating-source" rule and substantial evidence does not support the ALJ's decision.  The Court thus agrees with the Magistrate Judge that the error was not harmless and therefore necessitates a remand.

The Court has also reviewed the Magistrate Judge's remand instructions and finds them to be warranted.  Therefore, on remand, the ALJ should further review the administrative record and fully develop findings regarding the proper weight to afford to the opinions of Doctors Oliver and Moran and Nurse Practitioner Daniels, as discussed in Judge Farrer's Recommendation and in Judge Chestney's prior Remand Order.  Specifically, in the event the ALJ affords less than controlling weight to any of the opinions of Doctors Oliver and Moran or

Nurse Practitioner Daniels, the ALJ should consider each of the referenced <u>Newton</u> factors in Judge Farrer's Recommendation.  In the interest of judicial and administrative efficiency, and given that this Court appears to view this case in a different light than the ALJ, an explicit rather than implicit consideration of each of these factors would aid the Court's review and is therefore warranted.  Should consideration of the <u>Newton</u> factors once again merit rejecting all treating-source opinions of record, the ALJ should obtain an additional medical-source opinion—such as from a consultative examiner or a state-agency consultant who has reviewed the complete record—to support the residual-functional-capacity assessment.  If necessary, the ALJ should hold another hearing and obtain new vocational-expert testimony.

        Accordingly, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 12) as the opinion of the Court.  The decision of the Commissioner finding that Plaintiff is not disabled is **REVERSED**, and this case is **REMANDED** to the Commissioner for further consideration consistent with the instructions herein and pronounced in the Magistrate Judge's Report and Recommendation (Dkt. # 12).

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, March 4, 2021.

_____
David Alan Ezra
Senior United States District Judge